[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motion In Limine to Determine Issues to be Tried to the Court
The defendants in this multi-count civil action have moved in limine for a determination that several counts of the complaint and several claims for relief are triable to the court and not the jury. This motion requires the court to apply the rules of construction applicable to article first, § 19, of the Connecticut constitution, which provides that "[t]he right of trial by jury shall remain inviolate." The Supreme Court summarized these rules in Associated Investment Company LimitedPartnership v. Williams Associates IV, 230 Conn. 148, 645 A.2d 505 (1994) ("Associated Investment"):
[Article first, § 19,] guarantees the right to a jury trial in all cases for which such a right existed at the time of the adoption of that constitutional provision in 1818. . . . Article first, § 19, also provides the right to a jury trial in cases that are substantially similar to cases for which the right to a jury trial existed at common law in 1818. . . . Because at common law only legal claims were tried to a jury, the state constitutional right to a trial by jury does not extend to equitable claims. . . . Accordingly, in determining whether a party has a right to a trial by jury under the state constitution and General Statutes § 52-215, we must ascertain whether the action being tried . . . has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly. . . . Consequently, statutory actions established since the adoption of the constitution of 1818 ordinarily fall outside the scope of the provision, unless, perhaps, CT Page 13115 the new remedy constitutes a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury.
(Internal quotation marks, footnotes, and citations omitted.) Id., 153-54. See also General Statutes § 52-215 (parties may claim a jury trial for various categories of cases including "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity").
 I
The defendants argue that there is no right to a jury trial for count six, which alleges computer conversion under General Statutes §§52-570b, 52-564, and 53a-251, and for counts seven and eight, which allege violations of the Connecticut Unfair Trade Secrets Act ("CUTSA"), General Statutes § 35-50 et seq. The critical allegation of the sixth count is that defendants Richard D. Jones and Marc B. Friedman, who were partners of the plaintiff law firm Pepe Hazard ("PH"), "surreptitiously accessed the computer system of PH and, intentionally and without authorization, removed forms and other information therefrom for their own use and benefit [and] for the use and benefit of the Defendant Dechart[, Price Rhoads's] Hartford office, after Defendants Jones, Friedman and Boyce left PH and joined Defendant Dechert." (Substitute Complaint, first count, ¶ 62, incorporated by reference in sixth count, ¶ 1.) In counts seven and eight, the plaintiff alleges that defendants Jones and Dechert misappropriated confidential personnel and client information and business and strategic plans.
In deciding whether there is a right to a jury trial on these counts, this court is bound and guided by the Supreme Court's decision inAssociated Investment, which held that there is no right to a jury trial under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq.[1] The basis of the AssociatedInvestment holding was that "CUTPA does not give rise to a legal cause of action grounded in the common law [and the fact that the statutory scheme has an] essentially equitable character." Associated Investment, supra,230 Conn. 159.
The plaintiff contends that computer conversion and misappropriation of trade secrets have their roots in and are substantially similar to common law conversion, which it claims was an action at law rather than equity. The difficulty with that claim is that, as the Supreme Court has stated, "intangible property interests have not traditionally been subject to the CT Page 13116 tort of conversion, except for those intangible property rights evidenced in a document." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20,44, 761 A.2d 1268 (2000). Accord Aetna Life Casualty Co. v. UnionTrust Co., 230 Conn. 779, 790 n. 6, 646 A.2d 799 (1994) ("the tort of conversion has traditionally been confined to chattels. . . .")[2]
Indeed, our Supreme Court has historically analogized trade secrets cases to equitable actions arising out of the breach of confidence or trust rather than. actions at law. See Schavior v. American Re-Bonded LeatherCo., 104 Conn. 472, 476-77, 133 A. 582 (1926); William RogersManufacturing Co. v. Rogers, 58 Conn. 356, 366 (1890) (citing Peabody v.Norfolk, 98 Mass. 452, 457-58 (1868) ("[a person with a business secret] has a property in it, which a court of chancery will protect against one who in violation of contract and breach of confidence undertakes to apply it to his own use, or to disclose it to third persons"). Thus, theft of intangible property, as alleged in counts six, seven, and eight, would not fall under common law conversion.[3]
Further, the statutory schemes for computer conversion and CUTSA are very similar to that which the court in Associated Investment labeled "essentially equitable character." Associated Investment, supra,230 Conn. 159. The Associated Investment court observed that, under CUTPA, a plaintiff has access not only to the traditional damages remedy available at common law, but also to costs and attorney's fees, punitive damages and, in addition to or in lieu of damages, "injunctive or other equitable relief" (Internal quotation marks omitted.) Id., 160. The court concluded that "[t]hese comprehensive remedies . . . are significantly broader than those generally available at common law." Id.
Similarly, under the computer conversion statute, the plaintiff may obtain temporary or permanent injunctive relief, restitution, the appointment of a receiver, treble damages, and reasonable costs and attorney's fees. General Statutes § 52-570b (a), (c), (e).[4] The statute also specifically provides that "[t]he court may award the relief applied for or such other relief as it may deem appropriate in equity." General Statutes § 52-570b (b).
Under CUTSA, a party may obtain not only damages and unjust enrichment, but also punitive damages, attorney's fees, a prohibitory injunction, or an injunction mandating affirmative acts. General Statutes §§ 35-52, 35-53, 35-54. Although the computer conversion statute contains slightly more equitable remedies than does CUTSA, both statutory schemes are nearly identical to the "essentially equitable" remedies in CUTPA. Associated Investment, supra, 230 Conn. 159. Accordingly, statutory computer conversion and CUTSA fall under the general rule that "statutory actions established since the adoption of the constitution of CT Page 13117 1818 ordinarily fall outside the scope of the [jury trial] provision. . . ." (Internal quotation marks omitted.) Id., 154.[5]
It readily follows that the court, rather than the jury, should consider the plaintiffs claims for relief under counts six, seven, and eight. In this complex case, a jury could not easily assess damages if it has not heard liability. Practice Book § 16-10 appropriately provides that "[n]o issues of fact in an equitable action shall be tried to the jury except upon order of the judicial authority." Further, some of the statutory remedies that the plaintiff seeks from these counts specifically provide that "the court" must make any award. General Statutes §§ 35-52 (injunctive relief under CUTSA); 35-53 (b) (punitive damages and attorney's fees); 52-570b (b) (equitable relief for computer conversion); 52-570b (e) (costs and attorney's fees). Accordingly, both the liability and the relief components of counts six, seven, and eight will be tried to the court.
 II
The defendants also move to have plaintiffs prayer for relief for disgorgement of profits tried to the court. In a prior decision, the court, Sheldon, J., allowed the plaintiff to amend its complaint to include a claim for disgorgement of profits against defendant Dechert only, and allowed this claim only under the fourth count of the substitute complaint dated September 19, 2001, which alleges conspiracy to breach fiduciary duties and contractual obligations.
This court need not decide whether disgorgement of profits is an exclusively equitable remedy. But see Morales v. Executive Telecard,Ltd., 1998 U.S. Dist. Lexis 17726 (S.D.N.Y. 1998) (action for disgorgement of profits under federal securities law was essentially an "action for money damages" and thus a legal remedy triable to the jury). The court has authority to "order any issue or issues of fact in any action demanding equitable relief to be tried to the jury. . . ." Practice Book § 16-10. Thus, even if disgorgement constitutes "equitable relief," the court can order its factual aspects tried to the jury. The court chooses to exercise that authority with regard to count four. The defendants do not dispute that the liability phase of this count is triable to the jury. Just as a jury in a traditional negligence case would consider both liability and damages, it makes sense that the jury in this case consider whether any of the alleged conduct in count four for which the plaintiff has charged the defendant liable should result in any damages award, including a component for disgorgement of profits. Although the defendant raises the specter of jury confusion because of other claims for damages that the plaintiff makes, the risk of CT Page 13118 confusion falls on both sides. Hopefully, any confusion can be minimized by orderly presentation of the evidence and clear jury instructions.[6]
 III
The final component of the defendant's motion focuses on the plaintiffs claim for injunctive relief. The plaintiff notes that it may not seek injunctive relief due to the passage of time. In any event, injunctive relief is inherently equitable in nature. See Associated Investment, supra, 230 Conn. 160. The jury cannot be expected to draft an injunction. Accordingly, any claim for injunctive relief will be heard by the court.
 IV
For the foregoing reasons, the defendant's motion in limine is granted as to counts six, seven, and eight, all relief requested therein, and any injunctive relief, and denied as the disgorgement claim in count four.
 Carl J. Schuman Judge, Superior Court